# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2013AP1215-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against John J. Doyle, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>      Complainant,<br>    v.<br>John J. Doyle,<br>      Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST DOYLE

| | |
|---|---|
| OPINION FILED: | November 27, 2013 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2013AP1215-D

STATE OF WISCONSIN : IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against John J. Doyle, Attorney at Law:**

**Office of Lawyer Regulation,**

    **Complainant,**

  **v.**

**John J. Doyle,**

    **Respondent.**

**FILED**

**NOV 27, 2013**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. We review a stipulation filed by the Office of Lawyer Regulation (OLR) and Attorney John J. Doyle pursuant to SCR 22.12[1] requesting this court suspend Attorney

---

[1] SCR 22.12 states as follows: Stipulation.

 (1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee.

Doyle's license to practice law in Wisconsin as reciprocal discipline identical to that imposed by the Michigan Attorney Discipline Board.

¶2 Attorney Doyle was admitted to practice law in Wisconsin in 1992. He was admitted to practice in Michigan the same year. Attorney Doyle's Wisconsin license is currently suspended for noncompliance with CLE reporting requirements, failure to pay State Bar of Wisconsin dues, and failure to submit the required trust account certification to the State Bar. Attorney Doyle has no prior disciplinary history in either state. He most recently practiced in Michigan.

¶3 On December 14, 2012, the Michigan Attorney Discipline Board filed a formal complaint (the Michigan complaint) against Attorney Doyle alleging that he committed the following misconduct:

> Failing to hold property of his clients or third persons separate from his own and in an IOLTA, in violation of MRPC [Michigan Rules of Professional Conduct] 1.15(d);

---

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

(3) If the supreme court rejects the stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(4) A stipulation rejected by the supreme court has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the prosecution of the complaint.

Holding funds other than client or third person funds in an IOLTA, in violation of MRPC 1.15(a)(3);

Depositing his own funds in the client trust account in excess of an amount reasonably necessary to pay financial institution service charges or fees or to obtain a waiver of service charges or fees, in violation of MRPC 1.15(f) and 8.4(b);

Engaging in conduct that exposes the legal profession or the courts to obloquy, contempt, censure, or reproach, in violation of MCR [Michigan Court Rule] 9.104(2);

Engaging in conduct that is contrary to justice, ethics, honesty, or good morals, in violation of MCR 9.104(3); and

Engaging in conduct in violation of the Rules of Professional Conduct, in violation of MRPC 8.4(a) and MCR 9.104(4).

¶4 More specifically, the Michigan complaint alleged that Attorney Doyle wrote "many" checks from his IOLTA account that were personal or business-related and unrelated to any client matter he was handling. Attorney Doyle also deposited client funds into and made disbursements of client funds from this IOLTA account, thus knowingly and improperly commingling personal and client funds in the IOLTA. The Michigan complaint also alleged that Attorney Doyle improperly used his IOLTA to avoid a levy or garnishment of the funds by the federal government and the State of Michigan.

¶5 The parties to the Michigan disciplinary proceeding executed a stipulation in which Attorney Doyle admitted the allegations of misconduct.

¶6 On April 18, 2013, the Michigan Attorney Discipline Board approved the stipulation and suspended Attorney Doyle's

3

Michigan law license for 179 days, commencing June 1, 2013.[2] The suspension order imposed certain conditions on Attorney Doyle, including:

> 1.    During the term of suspension, respondent shall arrange, pay for and participate in an audit of his practice to be conducted by the State Bar of Michigan Practice Management Resource Center (PMRC).
>
> 2.    Respondent agrees that a copy of the signed stipulation for consent order of discipline shall serve as a disclosure authorization and that the PMRC may provide and discuss the audit report with the Grievance Administrator's staff.
>
> 3.    Respondent shall promptly take any action necessary to implement all reasonable recommendations flowing from the PMRC audit and report his progress toward such implementation to the Grievance Administrator on a monthly basis.
>
> 4.    Respondent will attend the next presentation of the Tips and Tools for a Successful Practice Workshop to be presented by the State Bar of Michigan. The next presentation of the workshop is currently scheduled for May 7, 2013. Respondent shall provide a written verification of attendance to both the Grievance Administrator and the Attorney Discipline Board within seven days of participation in this course.

¶7 On May 31, 2013, the OLR filed a disciplinary complaint (the OLR's complaint) against Attorney Doyle advising Attorney Doyle he is subject to reciprocal discipline in Wisconsin pursuant to SCR 22.22.[3] The OLR also alleged that by

---

[2] On May 16, 2013, the Michigan Attorney Discipline Board amended its suspension order to set the commencement date of Attorney Doyle's license suspension to May 14, 2013, rather than June 1, 2013.

[3] SCR 22.22 provides:  Reciprocal discipline.

(1) An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct.

(2) Upon the receipt of a certified copy of a judgment or order of another jurisdiction imposing discipline for misconduct or a license suspension for medical incapacity of an attorney admitted to the practice of law or engaged in the practice of law in this state, the director may file a complaint in the supreme court containing all of the following:

(a) A certified copy of the judgment or order from the other jurisdiction.

(b) A motion requesting an order directing the attorney to inform the supreme court in writing within 20 days of any claim of the attorney predicated on the grounds set forth in sub. (3) that the imposition of the identical discipline or license suspension by the supreme court would be unwarranted and the factual basis for the claim.

(3) The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

(4) Except as provided in sub. (3), a final adjudication in another jurisdiction that an attorney has engaged in misconduct or has a medical incapacity

failing to notify the OLR of the suspension of his Michigan law license within 20 days of the effective date of that jurisdiction's imposition of public discipline for professional misconduct, Attorney Doyle violated SCR 22.22(1).

¶8 Attorney Doyle entered into a stipulation with the OLR. He agrees that the facts alleged in the OLR's complaint and documents attached thereto form a basis for the discipline requested. Attorney Doyle states he does not claim that any of the conditions listed in SCRs 22.22(3)(a)-(c) prevent the imposition of reciprocal discipline in this case.

¶9 The stipulation properly provides that it did not result from plea bargaining. Attorney Doyle represents he fully understands: (1) the misconduct allegations, (2) the ramifications should the court impose the stipulated level of discipline, (3) his right to contest this matter, and (4) his

---

shall be conclusive evidence of the attorney's misconduct or medical incapacity for purposes of a proceeding under this rule.

(5) The supreme court may refer a complaint filed under sub. (2) to a referee for a hearing and a report and recommendation pursuant to SCR 22.16. At the hearing, the burden is on the party seeking the imposition of discipline or license suspension different from that imposed in the other jurisdiction to demonstrate that the imposition of identical discipline or license suspension by the supreme court is unwarranted.

(6) If the discipline or license suspension imposed in the other jurisdiction has been stayed, any reciprocal discipline or license suspension imposed by the supreme court shall be held in abeyance until the stay expires.

right to consult with counsel. He further avers that his entry into the stipulation was made knowingly and voluntarily and represents his decision not to contest the misconduct alleged or the discipline sought by the OLR.

¶10 Attorney Doyle and the OLR jointly request that Attorney Doyle's license to practice law in this state be suspended for the same period of time imposed by the State of Michigan Attorney Discipline Board, 179 days, and that the disciplinary order direct Attorney Doyle to comply with all court-ordered conditions placed upon his practice by the State of Michigan Attorney Discipline Board. The OLR does not recommend imposition of any costs in this matter.

¶11 Based upon our independent review, we determine that the SCR 22.12 stipulation should be accepted, and that Attorney Doyle's license to practice law in Wisconsin be suspended as discipline reciprocal to that imposed by the State of Michigan Attorney Discipline Board. We further determine it is appropriate to suspend Attorney Doyle's license to practice law in this state for the same period of time imposed by the State of Michigan Attorney Discipline Board, 179 days. We further direct Attorney Doyle to comply with all court-ordered conditions placed upon his practice by the State of Michigan Attorney Discipline Board. We agree that no costs shall be imposed in this matter.

¶12  IT IS ORDERED that the license of John J. Doyle to practice law in the State of Wisconsin is suspended for a period of 179 days, effective the date of this order.[4]

¶13  IT IS FURTHER ORDERED that John J. Doyle shall comply with the conditions imposed by the State of Michigan Attorney Discipline Board.

¶14  IT IS FURTHER ORDERED that John J. Doyle shall continue compliance with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

---

[4] Attorney Doyle is reminded that his license to practice law in Wisconsin remains administratively suspended.  Before Attorney Doyle may practice law in Wisconsin, he must provide evidence to this court that he has satisfied his obligations relating to trust account certification and bar dues, assessments, and fees, or demonstrated that he has obtained a waiver from the State Bar of Wisconsin.  See SCR 22.28(1).